BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Director

MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorney
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L St NW
    Washington DC 20530
    Telephone: (202) 514-2071
    E-mail: michael.f.knapp@usdoj.gov

Counsel for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYON LESLIE ROOT,<br><br>          Petitioner/Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>          Respondent/Defendant. | No. 8:23-cv-00070-CJC-ADS<br><br>Hearing Date: September 11, 2023<br>Hearing Time: 1:30 p.m.<br>Ctrm: 9 B<br>Hon. Cormac J. Carney, United States District Judge |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

I.     Petitioner is not entitled to a writ of mandamus. ........................................................... 1

II.    Relief under § 706(1) is unavailable. .............................................................................. 2

III.   The SSN requirement is constitutional. ........................................................................... 3

    A.  The Constitution does not impose a legislative history requirement. ...................... 3

    B.  Mr. Root's policy disagreement with the SSN requirement does not establish a
       constitutional violation. ........................................................................................... 4

    C.  The SSN requirement does not violate any constitutional right to privacy. ........... 4

    D.  The SSN requirement does not unconstitutionally restrict any right to international
       travel. ........................................................................................................................ 5

    E.  The Constitution does not require that laws of general application be justified with
       respect to a specific plaintiff. ................................................................................... 8

    F.  Mr. Root concedes that the overbreadth doctrine does not apply. ........................... 8

IV.    CONCLUSION ................................................................................................................. 9

i

# TABLE OF AUTHORITIES

<u>DESCRIPTION</u>                                                                                    <u>PAGE</u>

**Cases**

*Aptheker v. Sec'y of State,*
   378 U.S. 500 (1964) ........................................................................................ 6

*Califano v. Aznavorian,*
   439 U.S. 170 (1978) ..................................................................................... 5, 6

*Clark v. Community for Creative Non-Violence,*
   468 U.S. 288 (1988) ........................................................................................ 8

*Craig v. Boren,*
   429 U.S. 190 (1976) ........................................................................................ 6

*Doe v. Att'y Gen. of U.S.,*
   941 F.2d 780 (9th Cir. 1991) ....................................................................... 3, 4

*Endy v. Cnty. of Los Angeles,*
   975 F.3d 757 (9th Cir. 2020) ........................................................................... 5

*Eunique v. Powell,*
   302 F.3d 971 (9th Cir. 2002) ....................................................................... 6, 7

*Fallini v. Hodel,*
   783 F.2d 1343 (9th Cir. 1986) ..................................................................... 1, 2

*Flemming v. Nestor,*
   363 U.S. 603 (1960) ........................................................................................ 3

*Flora v. United States,*
   362 U.S. 145 (1960) ........................................................................................ 7

*Franklin v. United States,*
   49 F.4th 429 (5th Cir. 2022) ........................................................................... 7

*Fuentes v. Shevin,*
   407 U.S. 67 (1972) .......................................................................................... 6

*Haig v. Agee,*
   453 U.S. 280 ............................................................................................ 2, 5, 6

*Helvering v. Davis,*
   301 U.S. 619 (1937) ........................................................................................ 4

*Hernandez v. Comm'r,*
   490 U.S. 680 (1989) ........................................................................................ 7

*In re California Power Exch. Corp.,*
   245 F.3d 1110 (9th Cir. 2001) ......................................................................... 1

*In re Crawford*,
   194 F.3d 954 (9th Cir. 1999) ............................................................. 4, 5, 8

*McCullen v. Coakley*,
   573 U.S. 464 (2014) ........................................................................... 3

*Nordyke v. King*,
   644 F.3d 776 (9th Cir. 2011), *on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012) .............................. 8

*Norman-Bloodsaw v. Lawrence Berkeley Lab'y*,
   135 F.3d 1260 (9th Cir. 1998) ............................................................ 4

*One World One Family Now v. City & Cnty. of Honolulu*,
   76 F.3d 1009 (9th Cir. 1996) ............................................................. 8

*Recycle for Change v. City of Oakland*,
   856 F.3d 666 (9th Cir. 2017) ............................................................. 4

*Roe v. Sherry*,
   91 F.3d 1270 (9th Cir. 1996) ............................................................. 5

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*,
   460 U.S. 533 (1983) ........................................................................... 8, 9

*U.S. R.R. Ret. Bd. v. Fritz*,
   449 U.S. 166 (1980) ........................................................................... 3

*United States v. Albertini*,
   472 U.S. 675 (1985) ........................................................................... 7

*United States v. Carter*,
   669 F.3d 411 (4th Cir. 2012) ............................................................. 3

*Weinstein v. Albright*,
   261 F.3d 127 (2d Cir. 2001) .............................................................. 6

*Whalen v. Roe*,
   429 U.S. 589 (1977) ........................................................................... 5

*Whitfield v. U.S. Sec'y of State*,
   853 Fed. App'x 327 (2021) ............................................................... 6

**U.S. Constitution**

U.S. Const. Art. I ...................................................................................... 3

**United States Code**

5 U.S.C. § 706 .......................................................................................... 2

22 U.S.C. § 2714a ................................................................................... 1

**Other**

22 C.F.R. § 51.60 ..................................................................................... 1

To combat fraud and identity theft, to assist in the collection of tax debts, and to promote an efficient and accurate passport system, the State Department requires that individuals with a social security number (SSN) include that number in their passport applications. *See* 22 U.S.C. § 2714a(f); 22 C.F.R. § 51.60(f). Petitioner, Mr. Ryon Root, contends that this requirement unconstitutionally infringes his right to international travel and his right to informational privacy; he seeks a writ of mandamus compelling the State Department to issue him a passport without the provision of his SSN. That writ, and its statutory analogue, is categorically unavailable in these circumstances. And, in any event, the SSN requirement is rationally related to a legitimate government purpose and therefore easily survives the rational basis review that applies to restrictions on international travel, and Petitioner fails to demonstrate that including his SSN in his application to the State Department infringes his right to informational privacy.

## I.      Petitioner is not entitled to a writ of mandamus.

Mr. Root is not entitled to a writ of mandamus. As Defendant explained, and Mr. Root does not contest, that remedy is available only if the claim is clear and certain, the requested action is ministerial, and no other adequate remedy is available. *See* MTD Mem. at 5-8; *see also Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986).

Mr. Root cannot meet any of the three requirements to obtain mandamus relief. Mr. Root contends that his claim is "clear and certain" because he challenges a federal statute, "not implementation of some administrative act by a federal agency." Opp'n at 4. If Mr. Root means that his claim is a straightforward legal challenge and would not require a fact-intensive judicial inquiry, he misunderstands the "clear and certain" requirement. That aspect of the mandamus inquiry looks to whether the movant is clearly correct in his legal claim—mandamus relief is improper when "[i]t is at least arguable" that the challenged action is legal. *See In re California Power Exch. Corp.*, 245 F.3d 1110, 1121 (9th Cir. 2001). Mr. Root has not identified any legal authority suggesting that the challenged statutory provision is unconstitutional; his claim is far from "clear and certain."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nor is Mr. Root correct to assert that the relief demanded is ministerial "and so plainly prescribed as to be free from doubt." *See Fallini*, 783 F.2d at 1345. Mr. Root mistakenly focuses on the denial of his application under existing policy, not the relief he in fact requests: the issuance of a passport. *Cf. Haig v. Agee*, 453 U.S. 280, 294 n.26 (statute authorizing issuance of passports "recognizes substantial discretion").

A writ of mandamus is not available here for the third, independent reason that Mr. Root has other remedies available—such as an action under the Administrative Procedure Act (APA) that challenges the State Department's denial of his passport application as "contrary to constitutional right." *See* 5 U.S.C. § 706(2)(B). The availability of an "other adequate remedy" precludes a writ of mandamus. *Fallini*, 783 F.2d at 1345. Thus, whether the APA does or does not preclude other remedies for Mr. Root of its own force is beside the point. *Compare* Opp'n at 5. Under the settled law governing writs of mandamus, the writ is available only when other remedies are not.

The Court should therefore deny Mr. Root's petition and dismiss the action. Mr. Root suggests that, if the Court is inclined to dismiss the action, it should grant "leave to amend this complaint, under the APA" because the elements "under APA and a writ of mandamus are nearly identical." Opp'n at 5. But as Defendant has explained, *see* MTD Mem. at 8, and as emphasized below, an amendment to plead an APA cause of action would be futile because Mr. Root's claims are legally untenable. Leave to amend should be denied.

## II.   Relief under § 706(1) is unavailable.

As Mr. Root concedes, the elements for relief under the APA's mandamus analogue, 5 U.S.C. § 706(1), are "nearly identical," Opp'n at 5, to those for a writ of mandamus. And because Mr. Root cannot demonstrate that the State Department is under a clear duty to issue him a passport, any claim under § 706(1) would fail. Amending his complaint to plead such a claim would be futile.

2

### III.    The SSN requirement is constitutional.

The SSN requirement advances the government's important interests in ensuring an efficient, accurate, and secure passport system. Mr. Root raises an assortment of supposed constitutional faults in the law, but none has merit. Leave to amend to plead some other cause of action would therefore be futile as well.

*A. The Constitution does not impose a legislative history requirement.*

The government has set forth the purposes of the SSN requirement in both a declaration and by reference to a 2011 report from the Government Accountability Office. *See* Decl. of Paul Peek (July 18, 2012) (Peek Decl.), ECF No. 20-1; *Potential for Using Passport Issuance to Increase Collection of Unpaid Taxes* (Government Accountability Office Report), GAO-11-272 (March 2011). Mr. Root suggests that the absence of a stated legislative purpose in the statute itself or in some sort of congressional report renders the statute unconstitutional. *See* Opp'n at 6-7, 9.

The Constitution does not impose any requirement on Congress to state its purpose in enacting a statute or to develop any specific form of legislative reports. *See generally* U.S. Const. Art. I; *see also id.* Art. I, § 7 (outlining procedures for legislative process); *id.* Art. I § 5 cl. 3 (requirement to keep journal of proceedings). To the contrary, the Supreme Court has explained that "[i]t is, of course, 'constitutionally irrelevant whether this reasoning [offered in the litigation] in fact underlay the legislative decision,' because this Court has never insisted that a legislative body articulate its reasons for enacting a statute." *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 179 (1980) (citation omitted) (quoting *Flemming v. Nestor*, 363 U.S. 603, 612 (1960)). In evaluating the challenged law, the Court must consider the "governmental interest" that the law plausibly advances. *See United States v. Carter*, 669 F.3d 411, 418 (4th Cir. 2012) ("[T]he Constitution does not mandate a specific method by which the government must satisfy its burden under heightened judicial scrutiny."); *McCullen v. Coakley*, 573 U.S. 464, 480, 486 (2014) (applying intermediate scrutiny, Supreme Court considered both the purpose stated in the legislative text and those presented in course of litigation); *see also, e.g., Doe v. Att'y Gen. of U.S.*, 941 F.2d 780,

796 (9th Cir. 1991) (considering "governmental interest" on an informational privacy claim); *Recycle for Change v. City of Oakland*, 856 F.3d 666, 674 (9th Cir. 2017) (same, in First Amendment context, under intermediate scrutiny).

### B. Mr. Root's policy disagreement with the SSN requirement does not establish a constitutional violation.

Mr. Root appears sincerely to object to the use of SSNs as a means of validating identity and cross-checking an application across multiple databases. *See* Opp'n at 7-8. But his views on the wisdom of Congress's adopted policies are irrelevant in this forum. *See Helvering v. Davis*, 301 U.S. 619, 644 (1937) ("Whether wisdom or unwisdom resides in the scheme of benefits set forth in Title II, it is not for us to say. The answer to such inquiries must come from Congress, not the courts.").

### C. The SSN requirement does not violate any constitutional right to privacy.

Under Ninth Circuit law, government action implicates the right to informational privacy either (1) by "disclosure to 'third' parties" or (2) by "non-consensual retrieval of previously unrevealed [personal] information." *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1269 (9th Cir. 1998). Neither circumstance exists here, where the information the government requires on the application is already known to the government and will not be shared outside the government.

Where the information at issue is not "inherently sensitive or intimate information," informational privacy is implicated only by public disclosure. *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999). Mr. Root does not allege that the State Department will disclose his SSN if he includes it in his passport application,[1] or that it has already disclosed his

---

[1] Mr. Root emphasizes that "[n]ever, in this writ," did he "state that he had an SSN," Opp'n at 4, but Mr. Root does not actually dispute Defendant's assertion that he has one. *See* MTD Mem. at 4; *see also* Compl. Ex. C ("You submitted a passport application that did not include your correct Social Security Number."). And if Mr. Root did not have an SSN, he would have no privacy rights at stake that would justify his privacy claim. In any event, as Defendant has previously explained, *see* MTD Mem. at 4 n.3, any factual dispute in this regard is not material to deciding the instant motion: the statute does not unconstitutionally violate Mr. Root's privacy rights whether or not he has an SSN.

4

SSN as exists in its records. *Cf. Endy v. Cnty. of Los Angeles*, 975 F.3d 757, 769 (9th Cir. 2020) ("Endy's constitutional privacy claim fails under both state and federal law because he provides no evidence that his information has been publicly disseminated or disclosed."). Indeed, even where the information is more personally sensitive, such as medical records, limitations on further disclosure can defeat a privacy claim. *See id.* at 768; *see also Whalen v. Roe*, 429 U.S. 589, 600–02 (1977); *Roe v. Sherry*, 91 F.3d 1270, 1274 (9th Cir. 1996). Just so here, where various laws and policies tightly control the access to and release of passport application information. *See* MTD Mem. at 11.

In any event, and as Defendant has previously explained, *see* MTD Mem. at 11-12, the government's interests in requiring SSNs in passport applications outweigh any competing privacy interest that Petitioner might have. *Cf. In re Crawford*, 194 F.3d at 960 (upholding collection and publication of SSNs to combat fraud and enhance public confidence).

D. *The SSN requirement does not unconstitutionally restrict any right to international travel.*

There is no question, and Mr. Root does not dispute, that the SSN requirement satisfies rational basis review. *See generally* Opp'n at 9 (arguing only that "[r]ational basis should not be used in this instance"). The statute is rationally related to the legitimate government interest in effective administration of the passport system. *See* MTD Mem. at 13–15.

The SSN requirement is not subject to intermediate scrutiny. To the extent the requirement restricts international travel at all—an applicant can obtain a passport simply by providing his existing SSN in his application—it is subject only to rational basis review. The right to travel internationally is "no more than an aspect of the 'liberty' protected by the Due Process Clause of the Fifth Amendment," and it therefore "can be regulated within the bounds of due process." *Haig v. Agee*, 453 U.S. 280, 307 (1981) (quoting *Califano v. Aznavorian*, 439 U.S. 170, 176 (1978)). And all due process requires in this context is that

the government have a rational basis for its actions and provide adequate procedural protections.[2]

Mr. Root nonetheless contends that any regulation related to international travel, including the requirement to provide specified information in a passport application, must be reviewed under some form of heightened scrutiny. *See* Opp'n at 9 (citing *Aptheker v. Sec'y of State*, 378 U.S. 500, 507 (1964)). But as Judge Fernandez explained in *Eunique v. Powell*, *Aptheker* implicated First Amendment freedoms—the statute at issue prohibited issuance of passports to members of the Communist party—that warranted heightened review. 302 F.3d 971, 973-74 (9th Cir. 2002) (opinion of Fernandez, J.). In later cases, the Supreme Court stepped away from this suggestion in *Aptheker* and instead applied only rational basis review. *See id.* (discussing *Aznavorian*, 439 U.S. 170, and *Haig*, 453 U.S. 280). Courts since have therefore consistently applied rational basis review in evaluating restrictions on international travel. *See, e.g.*, *Weinstein v. Albright*, 261 F.3d 127, 140 (2d Cir. 2001) (explaining that "rational basis . . . is the correct standard" because the "right to a passport and to travel internationally . . . is not a fundamental right"); *see also* MTD Mem. at 12-13 & n.8 (collecting additional cases applying rational basis review to restrictions on international travel).

Regardless, the SSN requirement would survive intermediate scrutiny. Under intermediate scrutiny, a challenged restriction "must serve important governmental objectives and must be substantially related to achievement of those objectives." *Craig v. Boren*, 429 U.S. 190, 197 (1976). As Defendant has explained, the SSN requirement serves a number of important government interests. For one, it aids in the collection of unpaid

---

[2] Mr. Root does not raise a procedural due process challenge. Such a challenge would be fruitless, as the Eleventh Circuit has held in rejecting a challenge to just this statute. *See Whitfield v. U.S. Sec'y of State*, 853 Fed. App'x 327, 330 (2021). It has long been established that procedural due process requires notice and a meaningful opportunity to be heard. *See, e.g.*, *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). Mr. Root had such notice and opportunity and does not allege otherwise. *See* Compl. Ex. C (referencing earlier notice and request for information); *see also* Peek Decl. ¶ 13.

tax debts by helping to identify—and impose collateral consequences on—tax cheats. *See, e.g.*, Government Accountability Office Report (explaining that the State Department's inability to deny passports for lack of an SSN hindered tax collection efforts). Such an interest is "undoubtedly an important one." *Franklin v. United States*, 49 F.4th 429, 437–38 (5th Cir. 2022) (citing *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989) and *Flora v. United States*, 362 U.S. 145, 154 (1960)). For another, it helps to identify those with other passport ineligibilities—such as outstanding warrants or unpaid child support—by providing an additional, unique, and immutable data point when comparing records from other state or federal agencies. The Ninth Circuit has already concluded that the government's interest in spurring a parent to pay child support is an important one. *See Eunique*, 302 F.3d at 975 n.7 (opinion of Fernandez, J.) (recognizing securing payment of child support as an important government interest); *id.* at 976 (opinion of McKeown, J.) (same). And it is beyond reasonable dispute that disabling wanted criminals from fleeing the country is an important government interest as well. Similarly, the SSN requirement helps to eliminate passport fraud; the government has at least an important interest in ensuring the accuracy of federal identification documents that are used both in international travel as well as in a variety of domestic contexts, such as opening bank accounts.

The SSN requirement is substantially related to these important government objectives. Correctly identifying an applicant is essential to the proper working of the passport system. *Cf. United States v. Albertini*, 472 U.S. 675, 689 (1985) (in First Amendment context, intermediate scrutiny is satisfied "so long as the neutral regulation promotes a substantial government interest that would be achieved less effectively absent the regulation"). The SSN requirement helps the State Department match applicants to records that reflect a passport ineligibility—or avoid a false match—by providing an identifier that (a) is unique to the applicant, as a name or date of birth might not be; (b) does not change over time, as names sometimes do; (c) is less prone to transliteration errors than a name; and (d) is generally not casually available to would-be wrongdoers, as names

7

and addresses may be. *See In re Crawford*, 194 F.3d at 958 (describing SSN features); Peek Decl, ¶¶ 5-7. Nor is the requirement overly burdensome: it simply requires the provision of personal information in an application for a personal identification. The requirement does not compel applicants to obtain an SSN if they do not already have one, § 2714a(f)(1)(A)(i), and it contains exceptions for humanitarian or emergency circumstances, *id.* § 2714a(f)(1)(B).

E.  *The Constitution does not require that laws of general application be justified with respect to a specific plaintiff.*

Mr. Root suggests that the government must show that the law is adequately justified with respect to him individually. Opp'n at 10. But as Defendant has previously explained, *see* MTD Mem. at 15-16, in "an as-applied challenge, the government need not show that the litigant himself actually contributes to the problem that motivated the law he challenges." *Nordyke v. King*, 644 F.3d 776, 793 (9th Cir. 2011), *on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012); *see also Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 296–97 (1988); *One World One Family Now v. City & Cnty. of Honolulu*, 76 F.3d 1009, 1013 n.6 (9th Cir. 1996). Mr. Root's repeated contentions that there is no evidence that he personally is committing identity fraud or plans to flee from a tax debt lack legal significance. Indeed, the underlying premise of such arguments is that the SSN requirement could be enforced only against those whom the State Department already knows to be ineligible for a passport—thereby defeating the very usefulness of requiring it in a passport application.

F.  *Mr. Root concedes that the overbreadth doctrine does not apply.*

Defendant has previously explained that, under extant Supreme Court precedent, the overbreadth doctrine does not apply outside the context of the First Amendment. *See* MTD Mem. at 16-17. Mr. Root concedes as much but insists that the law "needs to be changed." Opp'n at 10. If so, that is a task for the Supreme Court, not this Court. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("Needless

to say, only this Court may overrule one of its precedents. Until that occurs, [the precedent]
is the law . . . .").

## IV.    CONCLUSION

The Court should deny Mr. Root's petition and dismiss his complaint. Because
Mr. Root's legal arguments are wholly without merit, any amendment would be futile
and the Court should deny leave to amend.


Dated: August 17, 2023   Respectfully submitted,

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General

          DIANE KELLEHER
          Assistant Director

           */s/Michael F. Knapp*
          MICHAEL F. KNAPP
          Trial Attorney
          U.S. Department of Justice
          Civil Division
          Federal Programs Branch
          1100 L St NW
          Washington, D.C. 20530
          Tel.: (202) 514-2071
          michael.f.knapp@usdoj.gov

          *Counsel for U.S. Department of State*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, certifies that this brief contains 2,979 words, exclusive of the caption, tables, signature blocks, and this certification, which complies with the word limit of L.R. 11-6.1.


Dated: August 17, 2023          /s/*Michael F. Knapp*
                                MICHAEL F. KNAPP