JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| RYON LESLIE ROOT,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Respondent. | Case No.: SACV 23-00070-CJC (ADSx)<br><br>ORDER GRANTING MOTION TO DISMISS [Dkt. 20] AND DISMISSING "PETITION FOR WRIT OF MANDATE" WITH PREJUDICE |

Respondent The United States Department of State issued Petitioner Ryon Leslie Root a passport on February 5, 2001. (Pet. ¶ 1.) It did not require a Social Security Number to issue that passport. (*Id.*) On November 12, 2010, Respondent issued Petitioner a renewed passport. (*Id.* ¶ 2.) Again, Respondent did not require a Social Security Number to issue the passport. (*Id.*) In 2021, Petitioner filed an application to renew his passport a second time. (*Id.* ¶ 3.) On February 26, 2021, Respondent sent Petitioner a letter denying the application under 22 U.S.C. § 2714a, (*id.* ¶ 4), a 2015

statute which authorizes the Secretary of State "to deny [an] application and . . . to not issue a passport to [an] individual" when it receives a passport application from an individual that "does not include the social security account number issued to that individual." 22 U.S.C. § 2714a. On July 14, 2021, Petitioner reapplied for a passport. (*Id.* ¶ 5.) On December 3, 2021, Respondent sent Petitioner a letter again denying the application under 22 U.S.C. §2714a. (*Id.*)

Petitioner alleges that "compulsion to obtain a Social Security account, as a prerequisite to a U.S. Passport application [is] unconstitutional" and seeks a "writ of mandate" "directing and compelling Respondent" to grant his passport application "and issue Petitioner a new Passport forthwith." (*Id.* at 9.) Before the Court is Respondent's motion to dismiss. (Dkt. 20.)

A plaintiff may request that a district court issue a writ of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a duty owed to the plaintiff. 28 U.S.C. § 1361. Mandamus is a drastic remedy only to be used where "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty to act is ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (cleaned up).

Petitioner's claim is not clear and certain. "If a plaintiff has no legal entitlement to the relief sought, a 'clear and certain' claim cannot exist, and the writ will not lie." *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003). "It is at the very least arguable" that Respondent's decision to deny Petitioner's application was lawful. *In re California Power Exch. Corp.*, 245 F.3d 1110, 1121 (9th Cir. 2001). Indeed, constitutional challenges like Petitioner's to Section 2714a have failed. *See, e.g.*, *Walker v. Tillerson*, 2018 WL 1187599, at *8 (M.D.N.C. Mar. 7, 2018), *aff'd sub nom. Walker v. Pompeo*, 735 F. App'x 69 (4th Cir. 2018) (rejecting claim that the statute violated a constitutional

right to travel because "[u]nder rational basis review, [the plaintiff] has not carried his burden to demonstrate that the Government's decision to require a social security number before issuing a passport is not 'rationally related to a legitimate state interest'").

Respondent's duty to act is also not ministerial. The statute states that the Secretary of State "is authorized to deny" an application that does not include an individual's SSN and "is authorized to not issue a passport to the individual." 22 U.S.C. § 2714a. The statute does not require the Secretary to take the action Petitioner seeks. *See Tsang v. Berryhill*, 738 F. App'x 549, 550 (9th Cir. 2018) (determining the district court properly denied mandamus relief when the court could not conclude "that the Administrator's duty is non-discretionary and merely ministerial"); *cf. Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 508 (9th Cir. 1997) (defining "ministerial act" as "a clear, non-discretionary agency obligation to take a specific affirmative action, which obligation is positively commanded and so plainly prescribed as to be free from doubt"). Indeed, the Secretary's authority to issue passports "recognizes substantial discretion." *Haig v. Agee*, 453 U.S. 280, 294 (1981); 22 U.S.C. § 211a ("The Secretary of State may grant and issue passports.").

Finally, Petitioner does not allege that no other adequate remedy is available. *See Barron*, 13 F.3d at 1374. Indeed, in his opposition, he seems to concede that he could seek relief under the Administrative Procedure Act. (*See* Dkt. 23 at 5.)

Petitioner does "not state a claim for a writ of mandamus and dismissal under Rule 12(b)(6) [is] appropriate." *Grondal v. United States*, 37 F.4th 610, 621 (9th Cir. 2022). Accordingly, Respondent's motion is **GRANTED**.[1] Moreover, Petitioner does not

---

[1] Having read and considered the papers the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for September 11, 2023, is hereby vacated and removed from the calendar.

identify any factual allegations he could add to the petition to cure these deficiencies. *See id.* Leave to amend this petition for writ of mandamus would therefore be futile. *Id.* (affirming dismissal without leave to amend when the plaintiff "never identifie[d] the factual allegations it would add to the complaint to cure its failure to plead that no other remedy is available" and "[t]his omission of an element necessary for mandamus relief validates the district court's conclusion that leave to amend . . . would be pointless"). Petitioner's Petition for Writ of Mandate is **DISMISSED WITH PREJUDICE**.

DATED:   August 25, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE